IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| AVA WALSH,[1] | § | |
| | § | No. 513, 2024 |
| Respondent Below, | § | |
| Appellant, | § | Court Below–Family Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | File Nos. 24-02-2TK |
| DEPARTMENT OF SERVICES | § | CK23-01966 |
| FOR CHILDREN, YOUTH AND | § | |
| THEIR FAMILIES, | § | Petition Nos. 24-03342 |
| | § | 23-12492 |
| Petitioner Below, | § | |
| Appellee. | § | |

Submitted: May 12, 2025
Decided: May 20, 2025

Before **SEITZ**, Chief Justice; **LEGROW** and **GRIFFITHS**, Justices.

## **ORDER**

After consideration of appellant's brief and motion to withdraw filed by the appellant's counsel under Supreme Court Rule 26.1(c), the responses, and the Family Court record, it appears to the Court that:

(1)     The appellant, Ava Walsh ("Mother"), is the mother of a son, born in June 2023 (the "Child").  On June 14, 2023, the Delaware Department of Services for Children, Youth and Their Families ("DSCYF") petitioned the Family Court for

---

[1] The Court previously assigned a pseudonym to the appellant under Supreme Court Rule 7(d).

emergency custody of the Child because the Child had tested positive for marijuana at birth, DSCYF had concerns about Mother's mental health, and Mother had two other children in DSCYF's custody. Between June 2023 and September 2024, the Family Court held the mandated hearings.[2] In February 2024, DSCYF moved to terminate Mother's parental rights based on her failure to plan for the Child's physical needs or mental and emotional health and development.

(2)     Following an evidentiary hearing on October 21, 2024,[3] which Mother failed to attend, the Family Court issued a written decision terminating Mother's parental rights in the Child.[4] The Family Court found that DSCYF had proved, by clear and convincing evidence, that the termination of Mother's parental rights was appropriate based on her failure to plan adequately for the Child's physical needs or mental and emotional health and development[5] and that the Child, who came into DSCYF's custody as an infant, had been in DSCYF's custody for more than six months.[6] Last, the Family Court examined the best-interests factors set out in 13

---

[2] When a child is removed from his home by DSCYF and placed in foster care, the Family Court is required to hold hearings at regular intervals under procedures and criteria detailed by statute and the court's rules. 13 *Del. C.* § 2514; Del. Fam. Ct. Civ. Proc. R. 212-219.

[3] The termination-of-parental-rights hearing was originally scheduled for September 4, 2024, but was continued at DSCYF's request.

[4] The Family Court also terminated the parental rights of the Child's father. He is not a party to this appeal.

[5] 13 *Del. C.* § 1103(a)(5).

[6] *Id.* § 1103(a)(5)(b).

*Del. C.* § 722 and found, by clear and convincing evidence, that termination of Mother's parental rights was in the Child's best interest. Mother appeals.

(3)     On appeal, Mother's counsel has filed an opening brief and a motion to withdraw under Rule 26.1(c). Counsel asserts that he has conducted a conscientious review of the record and the relevant law and has determined that Mother's appeal is wholly without merit. Counsel informed Mother of the provisions of Rule 26.1(c), provided her with a copy of counsel's motion to withdraw and the accompanying brief, and advised her that she could submit in writing any additional points that she wished for the Court to consider. Mother has not provided any points for the Court's consideration. DSCYF as the appellee and the Child's attorney from the Office of the Child Advocate have responded to the Rule 26.1(c) brief and argue that the Family Court's judgment should be affirmed.

(4)     Having carefully reviewed the parties' positions and the record on appeal, we find that the Family Court's factual findings are supported by the record, and we can discern no error in the court's application of the law to the facts. We therefore conclude that Mother's appeal is wholly without merit and devoid of any arguably appealable issues. We are satisfied that Mother's counsel made a conscientious effort to examine the record and the law and properly determined that Mother could not raise a meritorious claim in this appeal.

3

NOW, THEREFORE, IT IS ORDERED that the judgment of the Family Court is AFFIRMED.  Counsel's motion to withdraw is moot.

BY THE COURT:


*/s/ N. Christopher Griffiths*
Justice